UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
KAREN M. CATON,                                 :     **ORDER DISMISSING**
                                                :     **COMPLAINT WITH LIMITED**
                    Plaintiff,                  :     **LEAVE TO REPLEAD**
                                                :
        - against -                             :     05 Civ. 3686 (AKH)
                                                :
THE SHUBERT ORGANIZATION, et al.,               :
                    Defendants.                 :
-------------------------------------------------------X
ALVIN K. HELLERSTEIN, U.S.D.J.:

       Plaintiff is a former employee of Defendant The Shubert Organization ("Shubert"), and was formerly represented by her union, Theatrical Stage Employees Local No. One, I.A.T.S.E., AFL-CIO ("Local One"), another defendant. Plaintiff alleges that she was wrongfully terminated, that her union breached its duty of fair representation, and that she was subject to gender discrimination. The facts are these: After Shubert notified Plaintiff, in May 1995, that she was being terminated, her union, Local One, negotiated an agreement that allowed Plaintiff to continue in her position with Shubert on the condition that she submit a signed, undated letter of resignation. Plaintiff submitted the required letter and continued her employment for approximately nine years, until April 12, 2004, when she was discharged by Shubert pursuant to her letter of resignation. An arbitration panel affirmed Plaintiff's dismissal. (See Defs.' Opp., Ruderman Aff., Ex. C.) On April 11, 2005, after filing of a charge with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff initiated this action by filing of her complaint. Subsequently, on April 13, 2005 and May 17, 2005, the EEOC issued Right to Sue Letters.

       The case has since been subject to a number of rulings. By Order of

1

August 29, 2005, I dismissed all claims against Defendant The League of American Theaters and Producers, Inc. (the "League").  By Order of March 24, 2006, I dismissed all claims against Defendant International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts of the United States, Its Territories and Canada, AFL-CIO, CLC ("I.A.T.S.E.").  I later denied Plaintiff's subsequent motion for reconsideration of my March 24 Order and directed that Plaintiff, and the remaining Defendants, address the issue of subject matter jurisdiction.  (See Order Denying Motion for Reconsideration, dated May 2, 2006 ("May 2 Order").) I now respond to the parties' submissions, and to Plaintiff's motion to amend her complaint

By motion of July 11, 2005, Plaintiff moves to amend her complaint to reflect that, since commencement of the instant litigation, the EEOC has issued Right to Sue Letters on her Title VII claims against Defendants Local One and Shubert.  Plaintiff further asserts that the exercise of federal jurisdiction in this case is entirely proper.  Shubert and Local One oppose Plaintiff's motion to amend, and ask that her complaint be dismissed.

Defendant Local One argues that the complaint should be dismissed as against it for lack of jurisdiction.   Plaintiff asserts that I have jurisdiction over her claims against Local One under the "National Labor Relations Act, 29 U.S.C. §§ 185 and 159 pursuant to 28 U.S.C. §§ 1331 and 1337." (Compl. ¶ 3.)  I agree that the NLRA confers such jurisdiction.  See 28 U.S.C. § 185.

On the merits, Plaintiff asserts that Local One breached its duty of fair representation ("DFR") in violation of the National Labor Relations Act by failing to instruct its appointed arbitrator to either rule in favor of Plaintiff, or to insist on an

2

appointment of a neutral arbitrator. (Compl. ¶ 44.) The arbitration clause in question provides that disputes "will be submitted to the [current] International President of I.A.T.S.E. and the President of the uninvolved theater owner or their designee(s)." (See Ruderman Aff., Ex. B, XIV. Grievances, XV. Provisions of General Applicability.) Only if they cannot agree on a resolution shall the case be submitted "to a mutually agreeable third party to hear and determine the dispute." (Id.) For the reasons stated in my Order of May 2, the two appointed arbitrators had the authority and right to rule in accordance with the merits as they perceived them. Plaintiff's assertion that the arbitration procedure was compromised by the decision of the arbitrators to not appoint a third, neutral party to the panel is without merit. (See May 2 Order.) Thus, Plaintiff's claims against Local One on this basis must be dismissed.

Plaintiff's complaint also alleges state-based claims. However, in the absence of any federal claim against Local One, I decline to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3). The complaint against Local One is therefore dismissed in its entirety.

Defendant Shubert asserts separately that Plaintiff's motion to amend her complaint to include an additional cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), should be denied as time-barred. Claims of unlawful employment practice must be filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the alleged unlawful employment practice. 42 U.S.C. § 2000-5(e)(1). Here, Plaintiff was wrongfully terminated on April 12, 2004 but did not file her EEOC charge until February 3, 2005, 297 days after her termination. Plaintiff clearly does not fall within the prescribed 180

3

day period. Although, on this basis alone, Plaintiff's claim should be denied, relevant case law suggests that the failure to file within the applicable period may not be fatal.

The limitation period may be extended to 300 days where the aggrieved person "has initially instituted proceedings with a state or local agency with authority to grant or seek relief from such practice." 42 U.S.C. § 2000-5(e)(1). In a paradoxical twist of judicial reasoning, a claim is deemed "initially instituted" with the relevant state or local agency upon receipt by the EEOC of a complainant's charge—so long as the charge is filed with the EEOC within 300 days of the disputed practice, the claim is deemed to have been made within the statutorily prescribed period. Tweksbury v. Ottaway Newspapers, 192 F.3d 322, 327 (2d Cir. 1999); see also Ford v. Bernard Fineson Dev., 81 F.3d 304, 307 (2d Cir. 1996). Thus, because Plaintiff filed her charge with the EEOC within 300 days of her termination, she is deemed to have filed within the applicable period. In light of the Second Circuit's holding in Tweksbury, I decline to dismiss Plaintiff's motion to amend for lack of timeliness.

Shubert argues further that Plaintiff's claims are barred because the issue of her discharge was fully arbitrated in accordance with the terms of the Collective Bargaining Agreement ("CBA"), providing that "the final step in the [grievance] procedure" is to submit disputes to arbitration. (See Ruderman Aff., Ex. B.) Plaintiff disputes the validity and fairness of the arbitration proceedings and asserts that, in any event, the arbitration proceedings may not operate to bar her Title VII claim as "[n]o evidence or argument on the issue of sex discrimination was received" by the arbitrators.

Plaintiff's challenges to the validity of the arbitration proceeding are without merit. (See May 2 Order, at 2.) By the terms of the CBA, "all disputes,

4

controversies or grievances" were to be submitted, first to a designated union committee, and, as a final step, to arbitration.  (See Ruderman Aff., Ex. B.)  Moreover, the decision of the arbitrators, affirming Plaintiff's termination pursuant to her letter of resignation, shows that Plaintiff had a full and fair opportunity to present any and all arguments in favor of her position and to refute evidence submitted by Shubert.  (See Ruderman Aff., Ex. C.)  The arbitrators fully considered the arguments presented by both sides to the dispute, including Plaintiff's assertion that any disagreements with production personnel were attributable "to her gender, to her commitment to follow the work rules, and to her need to find a balance among her house, production, and contract work."  (Id. at 2.)  The arbitration panel determined that Shubert had properly terminated Plaintiff pursuant to her letter of resignation.

   A plaintiff is prevented from relitigating any matter presented to the arbitrator absent "strong evidence that the decision was wrong as a matter of fact – e.g., new evidence not before the tribunal – or that the impartiality of the proceeding was somehow compromised[.]"  Collins v. N.Y.C. Transit Auth., 305 F.3d 113, 119 (2d Cir. 2002).  Such strong presumption, however, is less applicable in the situation presented here where the arbitrators' decision was limited to a consideration of whether the termination was made pursuant to the letter of resignation and thus not subject to the CBA provision mandating that persons in Plaintiff's position should not be discharged except for cause.  (See Ruderman Aff., Ex. B, C.)

   It is not clear to me that Plaintiff has had an opportunity to present an argument that the circumstances of the arbitration precluded her from showing that she was subjected to employment discrimination based on her gender.  Although I doubt that

she can do so, I will hold this decision in abeyance for 20 days to permit Plaintiff this opportunity. If she fails to make such a showing, an order will be entered dismissing her complaint against Shubert.

In accordance with the foregoing, following a 20-day period of abeyance, Plaintiff's complaint is dismissed in its entirety.

SO ORDERED.

Dated:   New York, New York
         September 22, 2006

_____
ALVIN K. HELLERSTEIN
United States District Judge